## Fisher v. City of Paducah.

(Decided Nov. 13, 1934.)

C. C. GRASSHAM for appellant.

W. V. EATON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, M. R. Fisher, brought this action in the McCracken circuit court against the city of Paducah to recover the sum of $1,525, balance of salary as meat and milk inspector, alleged to be due him, and the further sum of $450, expenses incurred by him in the discharge of his duties, which he alleged the city agreed to pay.

The city council on May 27, 1925, adopted an ordinance creating the office of meat and milk inspector for the city of Paducah and fixing the salary at $1,800 annually, payable in monthly installments of $150 each. M. R. Fisher was elected to the office of meat and milk inspector by the city council "for one year and until his successor shall have qualified." He qualified June 15, 1925, and served until July 1, 1933. No election was held in the meantime, but appellant continued to serve as meat and milk inspector and he was paid $150 per month regularly until January 1, 1932. Thereafter he was paid $100 per month until October 1, 1932, and thereafter $25 a month until July 1, 1933, when he resigned. At the time the office of meat and milk inspector was created, and a salary fixed, the city of Paducah was operating under the councilmanic form of government. At an election subsequently held, the city of Paducah adopted the commission form of government as authorized by sections 3235c-1 to 3235d-2 of the Kentucky Statutes, and the city has operated under that form of government since January 1, 1928. The ordinance of May 27, 1925, was never expressly repealed by the board of commissioners, and the board continued to pay the appellant at the rate of $150 per month and to pay certain of his expenses incurred in the performance of his duties until January, 1932. In the ordinance adopted by the board of commissioners in January, 1932, fixing the budget for that calendar year, $1,200 was appropriated for the salary and expenses of the meat and milk inspector. Appellant was paid $100 per month until October 1, 1932, and for the months of October, November, and December he was paid $25 per month. It was claimed by the city that the reduction for the last three months of the year was made by agreement with appellant, which he denied. In January, 1933, the board of commissioners appropriated $300 for the salary of the meat and milk inspector of the city of Pa-

ducah for the year 1933, and appellant was paid $25 a month until he resigned on July 1, 1933.

It was appellant's contention below, and he makes the same contention on this appeal, that the board of commissioners of the city of Paducah was without authority to change his salary during his term of office, and that he was entitled to $150 per month until he resigned on July 1, 1933. By agreement of the parties, the case was transferred to the equity docket and tried as an equity action. The circuit judge found that the city of Paducah was indebted to appellant in the sum of $225, being the unpaid balance due on his salary for the months of October, November, and December, 1932, but disallowed the balance of his claim, and he has appealed. The city has not prosecuted a cross-appeal.

Section 3235c-4 of the Kentucky Statutes, 1930 Edition, which was in force when the city of Paducah adopted the commission form of government, reads:

"All the present city offices save those of mayor and police judge shall, at the expiration of that year which shall next follow the year in which said election is held, be ipso facto abolished, if the vote at said election shall be in favor of the organization and government of the city under this act.

"Provided, however, That the offices of city treasurer, city clerk, city assessor, city engineer, city jailer and city attorney shall not be deemed abolished until the expiration of the term of those incumbents who have been duly elected to said offices before the taking effect of this act."

The office of meat and milk inspector, created by the ordinance of May 27, 1925, was abolished when the commission form of government became effective, and thereafter the appellant remained in the employ of the city at the will of the board of commissioners. The board permitted him to continue to perform the duties theretofore performed by him as meat and milk inspector, and paid him a salary at the rate of $150 a month until January 1, 1932. The apportionment ordinance adopted by the board of commissioners in January, 1932, appropriated the sum of $1,200 for the salary and expenses of the meat and milk inspector for the year 1932, and appellant was paid and accepted $100 a month during nine months of that year, and the circuit court ad-

judged that he was entitled to $100 a month for the remaining three months of 1932. In January, 1933, the board of commissioners adopted an apportionment ordinance appropriating $300 for the salary and expenses of the meat and milk inspector for the year 1933 or at the rate of $25 a month, and appellant was paid at that rate until July 1, 1933, when he resigned.

It is argued that the ordinance of May 27, 1925, creating the office of meat and milk inspector and fixing the salary at $150 a month, was never repealed by the board of commissioners by ordinance, but, as stated above, the office of meat and milk inspector was abolished when the city adopted the commission form of government, and thereafter the board of commissioners, if it saw fit to employ any one to perform the duties theretofore performed by the meat and milk inspector provided for by the ordinance of May 27, 1925, could fix the salary at any sum it deemed proper for the time he was employed, and this it did by the ordinances adopted in January, 1932, and January, 1933. The board of commissioners had the right to fix the rate of pay for all persons employed by it whether officers or agents of the city. It is appellant's contention that he was serving under the original appointment which was "for one year and until his successor had qualified," and that, since no successor had qualified, his term continued until July 1, 1933, and the board of commissioners was without authority to change his salary during his term. This argument falls, however, when it is held that the office of meat and milk inspector was abolished when the city adopted the commission form of government. His term of office automatically ended on January 1, 1928, and thereafter the board of commissioners had the right to change the rate of compensation at any time.

The judgment is affirmed.